[Civ. No. 27184. Second Dist., Div. Four. Apr. 23, 1963.]

J. B. PARTAIN, Petitioner, v. THE MUNICIPAL COURT FOR THE LOS ANGELES JUDICIAL DISTRICT OF LOS ANGELES COUNTY, Respondent; WILLIAM B. McKESSON, as District Attorney, etc., Real Party in Interest.

J. B. Partain, in pro. per., for Petitioner.

William B. McKesson, District Attorney, Harry Wood and Harry B. Sondheim, Deputy District Attorneys, for Respondent and Real Party in Interest.

Stanley Mosk, Attorney General, and William E. James, Assistant Attorney General, as Amici Curiae on behalf of Respondent and Real Party in Interest.

KINGSLEY, J.—Petitioner, being then imprisoned in the federal penitentiary at McNeil Island, Washington, petitioned this court for a writ to compel respondent municipal court to dismiss a criminal proceeding then pending against him in that court.

The petition alleged petitioner's federal incarceration; that a complaint, charging two counts of forgery, a felony, had been filed against him in respondent court by the District Attorney of Los Angeles County, and that a warrant for petitioner's arrest had been issued on said complaint but remained unserved; that petitioner had formally requested respondent court to set the matter for a speedy trial or to dismiss the same and that no action had been taken on the motion; that petitioner's right to a fair trial was being denied by reason of the delay in bringing the forgery case to trial; and that procedures existed by which, if invoked, petitioner would be made available to the district attorney by the federal prison authorities for the purpose of proceeding with the forgery prosecution.

I

In light of the declared legislative policy of this state, as discussed in *People* v. *Sidener* (1962) 58 Cal.2d 645, [25 Cal.Rptr. 697, 375 P.2d 641], we would not, at least on this showing, undertake to exercise our discretion in favor of a peremptory order to dismiss. We regard our function as being served, and the rights of such a petitioner as being protected, by proceedings which, if the district attorney does not elect to exercise his discretion of dismissal, require him to show cause why he should not take steps to bring the pending case on for an early trial.

Treating the petition as one invoking our full powers, we is-

sued such an order to show cause directed to the District Attorney of Los Angeles County.

Petitioner requested the appointment of counsel in this court. Since the matter before us was not an appeal from an order or judgment of the superior court, and since an examination of the documents then before us did not indicate that appointment of counsel would be advantageous either to petitioner or to the court, the request was denied.

On March 28, 1963, the district attorney replied to our order to show cause, reporting that, in the interim between the filing of the petition and the return, petitioner had been transferred from the federal prison in Washington to a federal prison in this county, and that he was scheduled to be released from that institution on April 28, 1963—a date less than 30 days from the date on which the order to show cause was returnable.

It thus appeared that, within a brief period, petitioner would be able, on his own behalf, even if the warrant was not served on him at the time of his release from federal custody, to surrender to the jurisdiction of the municipal court —thus commencing the statutory period within which the state case must be prosecuted. (Pen. Code, § 1382.)

Once the state proceeding has started, petitioner can present to the trial court any matters which he may have in support of any claim that the delays already involved have operated to deny him a fair trial. Since petitioner would be able, within this brief time, to accomplish for himself all that our writ could accomplish for him, we denied the writ.

## II

Our action denying the writ was contained in a minute order entered at the time of hearing—April 2, 1963. Petitioner has now lodged with this court: (a) an "appeal" to the Supreme Court of California; and (b) a request for appointment of counsel.

Treating the first as a petition for hearing in the Supreme Court, it, in addition to being directed to the wrong court, is, of course, premature, since the time for filing such a petition does not begin to run until 30 days after our decision becomes final. (Cal. Rules of Court, rule 28(b).*)

The request for appointment of counsel is properly directed to this court, since the decision is still within our jur-

*Formerly Rules on Appeal, rule 28(b).

410

isdiction. The request is denied. ██ This is not one of the cases where the right to appointment is absolute under the decision in *Douglas* v. *State of California*, 372 U.S. 353 [83 S.Ct. 814, 9 L.Ed.2d 811]. Counsel could render no effective service, either to petitioner or to the courts, since the proceeding will become moot on petitioner's discharge from the federal prison, an event which will occur before the next step—a petition for hearing in the Supreme Court—could lawfully be filed.

The petition for a writ of mandate is denied; treating the petition as one for the issuance of a writ to compel the institution of proceedings for a writ of habeas corpus *ad prosequendum,* that petition is denied; the request for appointment of counsel is denied; and the "appeal" from our order of denial is dismissed for lack of jurisdiction.

Burke, P. J., and Jefferson, J., concurred.