[Civ. No. 27208.   Second Dist., Div. Four.   Oct. 18, 1963]

COSBY HAWKINS, Petitioner, v. WILLIAM B. McKES-
SON, as District Attorney of Los Angeles County, Re-
pondent.

William B. McKesson, District Attorney, in pro. per.,
Harry Wood and Harry B. Sondheim, Deputy District Attor-
neys, for Respondent.

Stanley Mosk, Attorney General, and William E. James,
Assistant Attorney General, as Amici Curiae on behalf of
Respondent.

BURKE, P. J.—▉ Petitioner, being then imprisoned in
the Federal Prison at McNeil Island, Washington, petitioned
this court for a writ of mandamus to compel respondent Dis-
trict Attorney of Los Angeles County to cause petitioner to
be brought to trial, or, in the alternative, to dismiss a crim-
inal proceeding allegedly pending against him in the Munici-

pal Court of the Los Angeles Judicial District, and further to cause the district attorney to dismiss the detainer filed with the Federal Bureau of Prisons in connection therewith.

Petitioner alleged that he had made a motion in the Superior Court of Los Angeles County for a speedy trial or, in the alternative, dismissal of the charges against him, which motion had been denied; that petitioner's right to a speedy trial was being denied by reason of the delay in bringing him to trial on the charges against him; and that procedures existed which, if invoked, would result in petitioner's being made available by the federal prison authorities for the limited purpose of affording him a trial on the charges pending against him in Los Angeles County.

Pursuant to such petition this court ordered that William B. McKesson, District Attorney of Los Angeles County, show cause why he should not cause a writ of habeas corpus ad prosequendum to be issued directed to the warden of the federal penitentiary, McNeil Island, Washington, requesting the return to Los Angeles County of petitioner for the purpose of standing trial upon the charges pending against him in Los Angeles County. (See *Partain* v. *Municipal Court,* 215 Cal.App.2d 407 [31 Cal.Rptr. 87].)

On May 1, 1963, the district attorney replied to the order to show cause reporting that a complaint was filed against petitioner by the District Attorney of Los Angeles County on September 13, 1961, charging him with three counts of forgery of endorsement in violation of Penal Code section 470, which violations were alleged to have occurred on or about August 3 and 4, 1961; that petitioner has never been arraigned on this complaint and no further criminal proceedings have been taken thereon.

On July 18, 1963, respondent reported to this court that the Grand Jury of Los Angeles County had returned an indictment against petitioner charging him with two of the three offenses which were the subject of the original criminal complaint, and that the third offense involved in that complaint had been abandoned. Respondent also reported the instigation of proceedings requesting the Governor of the State of California, pursuant to title 18, section 4085, of the United States Code, to communicate with the Attorney General of the United States in order to determine whether petitioner as a federal prisoner could be transferred, at federal expense, to a penal institution within the State of California which would permit the district attorney to bring the prisoner to

trial on the charges pending against him in Los Angeles County.

Subsequently, on September 13, 1963, the district attorney reported the receipt of copies of communications between the Extradition Secretary to the Governor of the State of California and the Director of the Bureau of Prisons of the federal government to the effect that petitioner would be removed from the United States Penitentiary at McNeil Island to the Federal Correctional Institution at Terminal Island in California in order that he might be brought to trial in Los Angeles County. Subsequently, and on or about September 5, 1963, petitioner arrived at Terminal Island. Respondent reported further that, on September 12, 1963, the district attorney caused the Superior Court of the State of California for the County of Los Angeles to issue a writ of habeas corpus ad prosequendum commanding the Warden of the United States Penitentiary at Terminal Island, California, and the United States Marshal for the Southern District of California to bring the petitioner to the Superior Court on September 23, 1963, for the purpose of arraignment and for any further proceedings that might be held in connection with the indictment above mentioned.

Thus, it would appear that the proceedings taken by the District Attorney of Los Angeles County constitute substantial compliance with the order to show cause previously issued by this court. Therefore, the petition for writ of mandamus is denied.

Jefferson, J., and Kingsley, J., concurred.